UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| KIMBERLY HUDSON, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | Civil Action No. 3:24-CV-02901-X |
| | § | |
| RICHTER VETERINARY | § | |
| SERVICES PA, et al., | § | |
| | § | |
| *Defendants*. | § | |

# **ORDER**

On November 19, 2024, Plaintiff Kimberly Hudson filed a complaint in this Court, alleging claims under the Telephone Consumer Protection Act (TCPA). (Doc. 1). The Court *sua sponte* requested briefing from the plaintiff on whether the Dallas Division of the Northern District of Texas is the proper venue for this case. (Doc. 5, 7). Hudson subsequently moved to transfer this case to the Fort Worth Division. (Doc. 8).

Title 28, Section 1404 of the United States Code authorizes a district court to *sua sponte* "transfer any civil action to any other district or division where it might have been brought" for "the convenience of parties and witnesses, in the interest of justice . . . ."[1] The district court may transfer from the division "to any other division in the same district" "[u]pon motion, consent or stipulation of all parties."[2]

---

[1] 28 U.S.C. § 1404(a); *see also Mills v. Beech Aircraft Corp.*, 886 F.2d 758, 761 (5th Cir. 1989) ("Such transfers may be made *sua sponte*.").

[2] 28 U.S.C. § 1404(b).

Here, Plaintiff Hudson moves to transfer this case to the Fort Worth Division as both Defendants are alleged to reside in Arlington, Texas in Tarrant County. Tarrant County is in the Forth Worth Division—not the Dallas Division. The Court finds that venue is proper in the Fort Worth Division of the Northern District.

The Court hereby **TRANSFERS** this case to the Fort Worth Division. The plaintiff shall serve the defendant with a copy of this order.

**IT IS SO ORDERED** this 4th day of December, 2024.

_____
BRANTLEY STARR
UNITED STATES DISTRICT JUDGE